## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

Mark Satterly,                          *

On behalf of himself and those          *    Case No. 3:19-cv-32
similarly situated,
                                        *    Judge

                         Plaintiff,     *

v.                                      *

Airstream, Inc.                         *
419 W. Pike St.
Jackson Center, Ohio 45334              *

                         Defendant.     *

                                        *

## PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW

Now comes Plaintiff Mark Satterly ("Plaintiff Satterly" or "Satterly"), by and through undersigned counsel, individually and on behalf of other members of the general public similarly situated, for his Collective and Class Action Complaint against Airstream, Inc. ("Defendant" or "Airstream") for its failure to fully pay employees overtime wages seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Ohio Minimum Fair Wage Standards Act, O.R.C. 4111.03, and 4111.08 ("the Ohio Wage Act"); and the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts"). Named Plaintiff's FLSA claims are asserted as a collective action pursuant to 29 U.S.C. § 216(b), while the Ohio Acts claims are asserted as a class action under Rule 23. The following collective and class action allegations are based on personal knowledge as to the Named Plaintiff's own conduct and are made on

information and belief as to the acts of others. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

## I.      JURISDICTION AND VENUE

1.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 for violations of the FLSA.

2.      This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367, as this Complaint raises additional claims pursuant to the laws of Ohio (the Ohio Acts) over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3.      Venue is proper in this forum pursuant to 28 U.S.C. §1391, as a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of Ohio, Airstream has its principal place of business and/or otherwise conducted substantial business in the Southern District of Ohio.

## II.      GENERAL FACTUAL ALLEGATIONS

### A.  Named Plaintiff Mark Satterly

4.      Named Plaintiff Satterly is an individual, United States citizen, and resident of this judicial district.

5.      Satterly worked as an hourly, non-exempt "employee" of Defendant as defined in the FLSA and the Ohio Acts as a production worker beginning in February, 2016 until the beginning of August, 2016.

6.      At all times relevant, Satterly primarily performed non-exempt duties for Defendants.

7.     The Named Plaintiff brings this action on behalf of himself and on behalf of those similarly situated and has given his written consent to bring this action to collect unpaid overtime compensation under the FLSA. Named Plaintiff's consents are being filed along with the Complaint pursuant to 29 U.S.C. §216(b). (*Consent to be Party Plaintiff*, attached hereto as **Exhibit A**).

**B.  Defendant Airstream**

8.     At all times relevant, Airstream is a foreign for-profit corporation authorized to do business in Ohio and conducts business in this judicial district.

9.     Airstream manufactures various types of travel trailers across the United States and worldwide.

10.     As a result, at all times relevant, Airstream was an "employer" as that term is defined by the FLSA and the Ohio Acts due to its employment of Plaintiff and those similarly situated as described herein.

11.     Upon information and belief, Defendant operated/operates and controls an enterprise and employs employees engaged in commerce or in the production of goods for commerce, or have had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and Defendant has had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

12.     Upon information and belief, Defendant, at all times relevant hereto, was fully aware of the fact that it was legally required to comply with the wage and overtime laws of the United States and the laws of the State of Ohio.

### III.        COLLECTIVE AND CLASS ACTION ALLEGATIONS

13.    All of the preceding paragraphs are realleged as if fully rewritten herein.

14.    All of Defendant's hourly, non-exempt workers at Airstream are subject to Defendant's timekeeping system, whereby each hourly, non-exempt worker "clocks in" at the beginning of the scheduled shift, begins working, and "clocks out" when the worker has completed the job duties for the shift.

15.    While Defendant may have positions such as service associates and production associates, they are all still hourly, non-exempt employees as that term is defined in the FLSA (all of Airstream's hourly, non-exempt employees collectively hereinafter "Timeclock Associates").

16.    During relevant times, Defendant suffered and permitted the Named Plaintiff and those similarly situated Timeclock Associates to work more than forty (40) hours in one or more workweeks, while not fully compensating them for all such hours worked over forty (40) at a rate of at least one and one-half times their regular rate of pay, at a minimum, as a result of Defendant's policy or practice of paying the Timeclock Associates only for their scheduled shift rather than the actual amount of compensable time working each workweek ("Pay-to-Shift" and/or "Wage Theft" Policy").

**Airstream's Pay-to-Shift/Wage Theft Policy that steals compensable hours from
Airstream's Timeclock Associates**

17.    Defendant, during all times relevant, has operated a main production facility with hundreds of hourly, non-exempt Timeclock Associates subject to the timekeeping system, including Named Plaintiff as alleged herein.

18.    Upon entry onto Defendant's worksite, Timeclock Associates clock in and record the exact time of their arrival and commencement of work for Defendant's benefit.

19. Timeclock Associates remain on-the-clock for all times until they clock out when they are finished working for the day.[1]

20. However, despite Defendant's timekeeping system capturing the actual time that Timeclock Associates have spent working, Defendant fails to compensate Timeclock Associates for all such time. Instead, its Pay-to-Shift/Wage Theft Policy only pays its Timeclock Associates for their scheduled shift, rather than the actual amount of time that they are on the Airstream premises clocked in and working.

21. Defendant's Pay-to-Shift/Wage Theft Policy has consistently resulted in unpaid overtime wages to Named Plaintiff and the putative class members because it simply fails to pay its Timeclock Associates for all compensable hours worked despite being fully aware of the exact times that the Timeclock Associates clock in/out.

22. As a result of Airstream's Pay-to-Shift/Wage Theft Policy, Timeclock Associates are only paid for less compensable hours than they actually work.

23. At all times relevant, Defendant was fully aware that they have accurate clock-in/clock-out timekeeping records that captures the exact time that its Timeclock Associates are working, but it still did not compensate its Timeclock Associates for the actual amount of compensable time working in one or more workweeks during the three years preceding this Complaint.

24. As such, by only paying its Timeclock Associates for their scheduled shift rather than the actual amount of time working through its Pay-to-Shift/Wage Theft Policy, Defendant knowingly failed to fully compensate Plaintiff and similarly situated Timeclock Associates for all of the time they actually worked, including overtime hours.

---

[1] Defendant maintains an automatic meal deduction where 0.5 hours is automatically deducted from Timeclock Associates' hours worked on most workdays.

25.     Plaintiff and similarly situated Timeclock Associates have regularly engaged in principal activities, including tasks that are integral and indispensable to their principal activities, before their scheduled start times and/or end times, but have not been properly compensated for the work performed because of Defendant's Pay-to-Shift/Wage Theft Policy.

26.     Defendant, at all times relevant hereto, was fully aware of the fact it is legally required to comply with the wage and overtime payment laws of the United States and of the State of Ohio.

27.     During relevant times, Defendant had knowledge of and acted willfully regarding its conduct described herein.

28.     Defendant is in possession and control of necessary documents and information from which Plaintiff and the putative class members would be able to precisely calculate damages.

29.     Upon information and belief, for the three years preceding the Complaint, Defendant applied the same pay practices and policies to all hourly, non-exempt employees, including Named Plaintiff.

**A. 216(b) Collective Action for Unpaid Overtime Wages.**

30.     Named Plaintiff Satterly brings his FLSA claims pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of himself and all other similarly situated Timeclock Associates of the opt-in class, consisting of:

> All current and former hourly, non-exempt production or service associates of Defendant who, during any workweek within the three years preceding the filing of the instant Complaint, have: (1) "clocked in" or "clocked out" to keep track of their compensable hours; and (2) worked at least forty (40) hours in any workweek (the "§216(b) Class" or the "§216(b) Class Members").

31.     This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for overtime compensation withheld in violation of the FLSA, liquidated damages, and attorneys' fees.

32.     In addition to the Named Plaintiff, the putative §216(b) Collective Class Members have been denied overtime compensation due to Defendant's widespread Pay-to-Shift/Wage Theft Policy. Named Plaintiff is representative of those other similarly situated employees are is acting on behalf of their interests as well as his own in bring this action.

33.     The identity of the putative §216(b) Class Members are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt into it pursuant to 29 U.S.C. §216(b), for the purpose of collectively adjudicating their claims for overtime wages, liquidated damages, attorneys' fees and costs under the FLSA.

34.     The net effect of Defendant's policies and practices is that Defendant willfully failed to fully and properly pay Named Plaintiff and §216(b) Collective Class Members overtime wages. Thus, Defendant enjoyed substantial profits at the expense of the Named Plaintiff and §216(b) Collective Class Members, whether that be because it suffered or permitted the Timeclock Associates to work compensable hours before or after their shifts without fully paying them, or knowingly reduced their compensable hours worked.

**B.  Fed.R.Civ. P. 23 Class Action for Unpaid Overtime Wages.**

35.     Named Plaintiff Satterly brings his Ohio Wage Act claims pursuant to Fed.R.Civ.P. 23 as a class action on behalf of himself and all other similarly situated of the following class, consisting of:

> All current and former hourly, non-exempt production or service associates of Airstream who, during any workweek within the three years preceding

the filing of the instant Complaint, have: (1) "clocked in" or "clocked out"
to keep track of their compensable hours; and (2) worked at least forty (40)
hours in any workweek (the "Ohio Rule 23 Class", the "Rule 23 Class", or
the "Ohio Rule 23 Class Members").

36.     The Rule 23 Class, as defined above, is so numerous that joinder of all members is
impracticable.

37.     Named Plaintiff Satterly is a member of the Ohio Rule 23 Class and his claims for
unpaid wages are typical of the claims of other members of the Ohio Rule 23 Class.

38.     Named Plaintiff Satterly will fairly and adequately represent the Ohio Rule 23 Class
and the interests of all members of the Ohio Rule 23 Class.

39.     Named Plaintiff Satterly has no interest that is antagonistic to or in conflict with
those interests of the Ohio Rule 23 Class that he has undertaken to represent.

40.     Satterly has retained competent and experienced class action counsel who can ably
represent the interests of the entire Ohio Rule 23 Class.

41.     Questions of law and fact are common to the Ohio Rule 23 Class.

42.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because individual
actions would create the risk of inconsistent or varying adjudications that would establish
incompatible standards of conduct for Defendant Airstream with respect to its non-exempt
employees.

43.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) as Defendant
Airstream acted or refused to act on grounds generally applicable to the Ohio Rule 23 Class,
making appropriate declaratory and injunctive relief with respect to Named Plaintiff Satterly and
the Ohio Rule 23 Class as a whole.

44.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) as the questions of
law and facts common to the Ohio Rule 23 Class predominate over questions affecting individual

members of the Ohio Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

45.     Questions of law and fact that are common to the Ohio Rule 23 Class include, but are not limited to: (a) whether Airstream violated the Ohio Wage Act by failing to fully pay the Ohio Rule 23 Class Members for hours worked in excess of forty hours per week as a result of Defendant's unlawful Pay-to-Shift/Wage Theft Policy and/or practices described above; (b) whether Defendant Airstream's violations of the Ohio Wage Act were knowing and willful; (c) what amount of unpaid and/or withheld compensation, including overtime compensation, is due to the Named Plaintiff Satterly and other members of the Ohio Rule 23 Class on account of Defendant's violations of the Ohio Wage Act; and (d) what amount of prejudgment interest is due to Ohio Rule 23 Class members on the overtime or other compensation which was withheld or not paid to them.

46.     A class action is superior to individual actions for the fair and efficient adjudication of Plaintiff's and the Ohio Rule 23 Class' claims and will prevent undue financial, administrative and procedural burdens on the parties and the Court. Named Plaintiff Satterly and counsel are not aware of any pending Ohio litigation on behalf of the Ohio Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members may be modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendant to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## IV.    CAUSES OF ACTION

### COUNT I
### (FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME)

47.     All of the preceding paragraphs are realleged as if fully rewritten herein.

48.     This claim is brought as part of a collective action by the Named Plaintiff on behalf of himself and the §216(b) Collective Class Members against Defendant.

49.     During the three years preceding the Complaint, Defendant employed the Named Plaintiff and the §216(b) Collective Class Members as delineated above.

50.     Named Plaintiff and the §216(b) Collective Class Members were paid on an hourly basis and worked in non-exempt positions.

51.     Named Plaintiff and the §216(b) Collective Class Members worked in excess of 40 hours in one or more workweeks during their employment.

52.     The FLSA requires that covered employees be compensated for every hour worked in a workweek, including overtime compensation for hours worked in excess of forty (40) per week.  *See* 29 U.S.C. §§ 206(b) and 207(a)(1).

53.     Named Plaintiff and the §216(b) Collective Class Members were not exempt from receiving FLSA overtime compensation.

54.     Named Plaintiff and the §216(b) Collective Class Members worked in excess of forty hours during one or more workweeks within the relevant time period described herein.

55.     Defendant violated the FLSA with respect to Named Plaintiff and the §216(b) Class by, *inter alia*, failing to compensate them at one-and-one-half times their regular rates of pay for all hours worked over forty (40) hours in a workweek because of Airstream's Pay-to-Shift/Wage Theft Policy.

56.     Defendant knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the §216(b) Class Members are entitled.

57. Defendant knowingly and willfully maintained an unlawful Pay-to-Shift/Wage Theft Policy which led to its failure to pay Named Plaintiff and the §216(b) Class Members overtime wages they were due.

58. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Named Plaintiff and the §216(b) Class Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant and/or were not kept by Defendant.

59. As a direct and proximate result of Defendant's conduct, Named Plaintiff and the §216(b) Class Members have suffered and continue to suffer damages. Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of himself and the §216(b) Class Members.

<u>**COUNT II**</u>
**(R.C. § 4111.03 – RULE 23 CLASS ACTION FOR UNPAID OVERTIME)**

60. All of the preceding paragraphs are realleged as if fully rewritten herein.

61. This claim is brought under Ohio law, which incorporates the FLSA without limitation.

62. The Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendant and Defendant is an "employer" covered by the overtime requirements under Ohio law.

63. Ohio law requires that employees receive overtime compensation "not less than one and one-half times" (1.5) the employee's regular rate of pay for all hours worked over forty (40) in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1).

64. While employed by Defendant, Satterly and the Ohio Rule 23 Class Members worked in excess of the maximum weekly hours permitted under R.C. § 4111.03. but they were not fully paid overtime wages for all such hours because of the Pay-to-Shift/Wage Theft Policy.

65. Defendant's companywide Pay-to-Shift/Wage Theft Policy led to the failure to pay Named Plaintiff Satterly and the Ohio Rule 23 Class Members overtime for all compensable hours worked in excess of 40 in a workweek as described above.

66. The Named Plaintiff and the Ohio Rule 23 Class were not exempt from the wage protections of Ohio law.

67. Defendant Airstream's repeated and knowing failure to pay overtime wages to Named Plaintiff and the Ohio Rule 23 Class Members as described herein were violations of R.C. §4111.03, and as such, Defendant willfully withheld and failed to pay the overtime compensation to which Satterly and the Ohio Rule 23 Class Members are entitled.

68. For Defendant Airstream's violations of R.C. §4111.03, Named Plaintiff Satterly and the Ohio Rule 23 Class Members have suffered and continue to suffer damages. They seek unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of himself and the Ohio Rule 23 Class Members.

## COUNT III
### (R.C. § 4113.15 – RULE 23 CLASS ACTION FOR VIOLATIONS OF THE OHIO PROMPT PAY ACT)

69. All of the preceding paragraphs are realleged as if fully rewritten herein.

70. During relevant times, Named Plaintiff Satterly and the Ohio Rule 23 Class Members have been employed by Defendant.

71.     During relevant times, Defendant was an entity covered by the OPPA and Named Plaintiff Satterly and the Ohio Rule 23 Class Members have been employed by Defendant within the meaning of the OPPA.

72.     The OPPA requires Defendant to pay Named Plaintiff Satterly and the Ohio Rule 23 Class all wages, including unpaid overtime, on or before the first day of each month, for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month. *See* R.C. § 4113.15(A).

73.     During relevant times, Named Plaintiff Satterly and the Ohio Rule 23 Class were not paid all wages, including overtime wages at one and one-half times their regular rate of pay as described herein within thirty (30) days of performing the work. *See* R.C. § 4113.15(B).

74.     Named Plaintiff Satterly and the Ohio Rule 23 Class Members' unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday as a result of the Pay-to-Shift/Wage Theft Policy described herein.

75.     Named Plaintiff Satterly and the Ohio Rule 23 Class Members have been harmed and continue to be harmed by such unpaid wages.

76.     In violating the OPPA, Defendant acted willfully, without a good faith basis, and with reckless disregard of clearly applicable Ohio law.

**V.     PRAYER FOR RELIEF**

**WHEREFORE**, as to **Count I**, Named Plaintiff and other members of the § 216(b) Class pray for an Order against Defendant as follows:

A.     Certifying the proposed FLSA collective action;

B.      Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the §216(b) Class apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA;

C.      A declaratory judgment that Defendant's wage and hour policies and/or practices as alleged herein violate the FLSA;

D.      An order for injunctive relief ordering Defendant to end all of the illegal wage policy and practice alleged herein pursuant to the FLSA and attendant regulations and requiring Defendant to follow such laws going forward;

E.      Judgment against Defendant for damages for all unpaid overtime compensation owed to Named Plaintiff and the §216(b) Class as a result of the policies herein during the applicable statutory period under the FLSA and continuing through trial;

F.      Judgment against Defendant for liquidated damages pursuant to the FLSA in an amount equal to all unpaid overtime compensation owed to Named Plaintiff and all other similarly situated employees as a result of the policies herein during the applicable statutory period under the FLSA and continuing through trial;

G.      Directing Defendant to pay reasonable attorney's fees and all costs connected with this action;

H.      Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

I.      Judgment for all civil penalties to which Named Plaintiff and all other similarly situated employees may be entitled; and

J.      Such other and further relief as to this Court may deem necessary, just or proper.

**WHEREFORE**, as to **Counts II** and **III**, Named Plaintiff Satterly request judgment against Defendant for violations of the Ohio Acts, and for an Order as follows:

K.      A declaratory judgment that Defendant's wage and hour policies and practices as alleged herein violate the Ohio Wage Act with respect to the failure to pay for all overtime hours worked and violations of the OPPA;

L.      An order for injunctive relief ordering Defendant to end all of the illegal wage policy and practice alleged herein pursuant to the Ohio Wage Act and the OPPA, and requiring Defendant to follow such laws going forward;

M.      An Order certifying the proposed Ohio Rule 23 Class under the Ohio Wage Act and the OPPA;

N.      Awarding to the Named Plaintiff Satterly and the Ohio Rule 23 Class Members unpaid compensation as a result of the policies herein, including overtime wages as to be determined at trial together with any liquidated damages allowed by Ohio law;

O.      Awarding Named Plaintiff Satterly and the Ohio Rule 23 Class Members costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

P.      Awarding judgment against Defendant for liquidated damages pursuant to the OPPA in an amount equal to six percent (6%) of all unpaid overtime compensation owed to the Named Plaintiff Satterly and the Ohio Rule 23 Class Members during the applicable statutory period; and

Q.      Awarding Named Plaintiff Satterly and the Ohio Rule 23 Class Members such other and further relief as the Court deems necessary, just, or proper.

Respectfully submitted,

/s/ Matthew J.P. Coffman
Matthew J.P. Coffman (0085586)
**COFFMAN LEGAL, LLC**
1550 Old Henderson Road
Suite 126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com

/s/ Daniel I. Bryant
Daniel I. Bryant (0090859)
**BRYANT LEGAL, LLC**
1550 Old Henderson Road
Suite 126
Columbus, Ohio 43220
Phone: 614-704-0546
Fax: 614-573-9826
Email: dbryant@bryantlegalllc.com

*Attorneys for Named Plaintiff and those similarly situated*