# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| Mark Satterly, et. al. | * | |
| | | Case No. 3:19-cv-32 |
| Plaintiff, | * | |
| v. | * | Judge Walter Herbert Rice |
| | * | |
| Airstream, Inc. | | |
| | * | |
| Defendant. | * | |
| | * | |

| | | |
|---|---|---|
| Matthew Godsey, et. al. | * | |
| | | Case No. 3:19-cv-00107 |
| Plaintiff, | * | |
| v. | * | Judge Walter Herbert Rice |
| | * | |
| Airstream, Inc. | | |
| | * | |
| Defendant. | * | |
| | * | |

## STIPULATED PROTECTIVE ORDER

The parties to this Stipulated Protective Order have agreed to the terms of this Order; accordingly, it is ORDERED:

WHEREAS, information has been requested and will be produced by Defendants solely for purposes of mediating the above-captioned matters, which information shall include personal identifying information of Airstream employees, including but not limited to payroll information,

time punch information, mandatory and elective withholdings from pay and other sensitive information that may impact the privacy rights of the Airstream employees (the "Employee Data"). This Employee Data includes information for employees who have not opted into either case and is being produced prior to class certification being granted in either case. Defendant maintains that the Employee Data is considered proprietary and confidential information belonging to the Defendant and its employees (the "Confidential Information.") Plaintiffs have sought the Employee Data from Defendant and its third-party vendors as they believe such production is necessary and proper. Plaintiffs have agreed to the protective order to avoid delay of the mediation and putting further disputes before the Court at this time. Plaintiffs expressly reserve the right to seek to compel the production of the Employee Data if mediation is unsuccessful and they further expressly reserve the right to challenge Defendant's designation. Nothing in this protective order should be construed as waiver of Plaintiffs' rights in any way.

1. **Scope.** All Employee Data requested by Plaintiffs and produced by Airstream in anticipation of mediation will be designated as **"Confidential – Attorney's Eyes Only."** Plaintiffs accept this designation for purposes of mediation but reserve the right to challenge such designation in the event that the mediation is not successful and, as a result, either or both litigation matters continue. The designation shall remain in full force and effect until removed by Order of this Court. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order shall be strictly construed in favor of public disclosure and open proceedings whenever possible.

2. **Protection of Confidential Material.**

(a) **General Protections.** Documents designated CONFIDENTIAL under this Order shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in ¶2(b) for any purpose whatsoever other than to prepare for and participate in mediation.

(b) **Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL documents to any third person or entity except as set forth in subparagraphs (1)-(5) below. Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL.

(1) **Counsel.** Counsel for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action;

(2) **Parties.** Parties and employees of a party to this Order;

(3) **Court Reporters and Recorders.** Court reports and recorders engaged for depositions;

(4) **Consultants, Investigators and Experts.** Consultants, investigators, or experts, (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A, Acknowledgement of Understanding and Agreement to Be Bound; and;

(5) **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

**(c) Control of Documents.** Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as CONFIDENTIAL pursuant to the terms of this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of 1 year after dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising therefrom.

In the absence of prior written permission from the individual or entity asserting confidential treatment, or an order by the Court, any Confidential Information submitted in accordance with this Order that are marked "CONFIDENTIAL – ATTORNEY'S EYES ONLY" shall not be disclosed to any person other than the Counsel of record in this case and the third party analysts hired by Plaintiffs' counsel for purposes of analysis of the Employee Data. The Analysts shall be given this Protective Order and sign the Order prior to receiving any of the Employee Data.

**(d) Copies.** Prior to production to any party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY under this Order, or any individual portion of such a document, shall be affixed with the appropriate designation if the word or words do not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

3. **Inadvertent Production.**

The parties agree that any inadvertent disclosure of any privileged material shall not result in the waiver of any associated privilege nor result in a subject matter waiver of any kind. The parties agree, however, that the disclosure of any particular material shall cease to be "inadvertent" if, three (3) days after the receiving party notifies the producing party that it has received the material, the producing party does not request that the material be returned. If, within three (3) days after the receiving party notifies the producing party that it has received the material, the producing party does request that the material be returned, then the receiving party shall (a) immediately return the material, or (b) within 3 days after notification from the producing party, file an appropriate motion with the court under seal for determination of whether the material is privileged. While such motion is pending, that material shall be deemed CONFIDENTIAL and shall be treated by the parties as if it is CONFIDENTIAL – ATTORNEYS EYES ONLY. In either situation, the receiving party shall make no copies of the material.

4. **Filing of CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER Documents Under Seal.** The Court highly discourages the manual filing of any pleadings or documents under seal. To the extent that a brief, memorandum or pleading references any document marked as CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY, then the brief, memorandum or pleading shall refer the Court to the particular exhibit filed under seal without disclosing the contents of any confidential information.

(a) Before any document marked as CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY is filed under seal with the Clerk, the filing party shall first consult with the party that originally designated the document as CONFIDENTIAL or CONFIDENTIAL ATTORNEY'S EYES ONLY to determine whether, with the consent of that party, the document or a redacted version of the document may be filed with the Court not under seal.

**(b)** Where agreement is not possible or adequate, before CONFIDENTIAL or CONFIDENTIAL ATTORNEY'S EYES ONLY documents are filed with the Clerk, it shall be placed in a sealed envelope marked 'CONFIDENTIAL" or CONFIDENTIAL – ATTORNEY'S EYES ONLY, as appropriate, displaying the case name, docket number, a designation of what the document is, the name of the party in whose behalf it is submitted, and name of the attorney who has filed the documents on the front of the envelope. A copy of any document filed under seal shall also be delivered to the judicial officer's chambers.

**(c)** To the extent that it is necessary for a party to discuss the contents of any Confidential Information in a written pleading, then such portion of the pleading may be filed under seal with leave of Court. In such circumstances, and where possible, counsel shall prepare two versions of the pleadings, a public and a confidential version. The public version all contain a redaction of references to CONFIDENTIAL documents. The confidential version shall be a full and complete version of the pleading and shall be filed with the Clerk under seal as above. A copy of the unredacted pleading also shall be delivered to the judicial officer's chambers.

**(d)** If the Court or a particular judicial officer has developed an alternative method for the electronic filing of documents under seal, then the parties shall follow this alternative method and shall not file any documents or pleadings manually with the Clerk of Court.

**5. Challenges by a Party to Designation as Confidential.** Any CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY designation is subject to challenge by any party or nonparty with standing to object (hereafter "Party"). Before filing any motions or objections to a confidentiality designation with the Court, the objecting party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the CONFIDENTIAL or CONFIDENTIAL –

ATTORNEY'S EYES ONLY designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement. Any objection must be made within 60 days following the conclusion of the mediation.

6. **Action by the Court.** Applications to the Court for an order relating to any documents designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY shall be by motion and any other procedures set forth in the presiding judge's standing orders or other relevant orders. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or use in discovery or at trial.

7. **Use of Confidential Documents or Information at Trial.** All trials are open to the public. Absent order of the Court, there will be no restrictions on the use of any document that may be introduced by any party during the trial. If a party intends to present at trial CONFIDENTIAL documents or information derived therefrom, such party shall provide advance notice to the other party at least five (5) days before the commencement of trial by identifying the documents or information at issue as specifically as possible (i.e., by Bates number, page range, deposition transcript lines, etc.) without divulging the actual CONFIDENTIAL documents or information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial. CONFIDENTIAL – ATTORNEY'S EYES ONLY documents may not be used at trial without order of this Court.

8. **Obligations on Conclusion of Litigation.**

(a) **Order Remains in Effect.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b) **Return of CONFIDENTIAL Documents.** Within sixty(60) days after dismissal or entry of final judgment not subject to further appeal, all documents designated as CONFIDENTIAL under this Order shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to information designated CONFIDENTIAL, so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents. This work product shall continue to be CONFIDENTIAL under this Order.

(c) **Return of Documents Filed under Seal.** After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

9. **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed under applicable rules and the presiding judge's standing orders or other relevant orders.

10. **No prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for facilitating meaningful discussions at mediation. Nothing herein shall be construed or presented as a judicial determination that any document or information designated CONFIDENTIAL by counsel or the parties is subject to

protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

11. **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

*So Ordered*

Dated: 10-21-19

_____
JUDGE WALTER HERBERT RICE

Respectfully submitted,

| | |
|---|---|
| **COFFMAN LEGAL, LLC** | **DINSMORE & SHOHL LLP** |
| /s/ *Matthew J.P. Coffman* | /s/ *Karen S. Hockstad* |
| Matthew J.P. Coffman (0085586) | Karen S. Hockstad (0061308) |
| 1550 Old Henderson Road | Vladimir P. Belo (0071334) |
| Suite 126 | 191 W. Nationwide Blvd., Suite 300 |
| Columbus, Ohio 43220 | Columbus, Ohio 43215 |
| Phone: 614-949-1181 | Telephone: (614) 628-6930 |
| Fax: 614-386-9964 | Facsimile: (614) 628-6890 |
| Email: mcoffman@mcoffmanlegal.com | Email: Karen.Hockstad@dinsmore.com |
| | Vladimir.Belo@dinsmore.com |
| **BRYANT LEGAL, LLC** | *Attorneys for Defendants* |
| /s/ *Daniel I. Bryant* | |
| Daniel I. Bryant (0090859) | |
| 1550 Old Henderson Road | |
| Suite 126 | |
| Columbus, Ohio 43220 | |
| Telephone: (614) 704-0546 | |
| Facsimile: (614) 573-9826 | |
| Email: Dbryant@BryantLegalLLc.com | |

*Attorneys for Plaintiffs*